<u>Memorandum Endorsement</u>                                        <u>United States v. Hydara, 24-cr-0710 (LAK)</u>

    Defendant's motion to dismiss Count I of the indictment on the ground that 18 U.S.C. § 922(g)(1) violates the Second Amendment is denied. The Second Circuit held squarely to the contrary in *United States v. Bogle,* 717 F.3d 281 (2d Cir. 2013).

    "Where the Second Circuit has spoken directly to the issue presented by a case, this Court is required to follow that decision unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Gonzalez,* 2024 WL 96517, *3 (S.D.N.Y. 2024) (internal quotations and brackets omitted). And the suggestion that this Court should take it upon itself to conclude that an otherwise binding Second Circuit decision should not be followed because "it will almost inevitably be overruled by the Second Circuit," *id.,* goes too far in light of the Second Circuit's recent decision in *In re Grand Jury Subpoenas Dated September 13, 2023,* --- F.4th ----, 2025 WL 428359 (2d Cir. Feb. 7, 2025). The Circuit there wrote: "The Supreme Court has repeatedly instructed that '[a] Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions' – even when that case 'appears to rest on reasons rejected in some other line of decisions.'" *Id.* at *10 (quoting *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.,* 490 U.S. 477, 484 (1989)). The same logic applies here.

    Accordingly, the motion to dismiss Count I (Dkt 13) is denied.

    SO ORDERED.

Dated:   February 19, 2025

                     _____
                     Lewis A. Kaplan
                     United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/25
```